IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON CHRIST,

      Plaintiff,                No. CIV S-10-0760 EFB P

   vs.

R. BLACKWELL, et al.,

      Defendants.         <u>ORDER</u>

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1]  He has filed several motions which include: (1) a motion for an order allowing plaintiff to contact incarcerated witnesses (Docket No. 24); (2) a motion to compel discovery (Docket No. 27); and (3) a motion to file documentary evidence (Docket No. 29).  The court will address each in turn.

**I.    Motion for Order Allowing Plaintiff to Contact Incarcerated Witnesses**

     Plaintiff seeks an order from this court that would allow him to contact five inmates incarcerated at California State Prison – Solano and another inmate incarcerated in an unknown

---

[1] This case is before the undersigned pursuant to the parties' consent.  *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

1   institution.  Dckt. Nos. 24, 36, 37[2], 38.  Defendants oppose plaintiff's motions, arguing that

2   plaintiff should not be allowed to circumvent the reasonable restrictions on inmate-to-inmate

3   communications imposed by the California Department of Corrections and that plaintiff can

4   avail himself of Federal Rule of Civil Procedure 31 (deposition upon written questions) to obtain

5   necessary information from his incarcerated witnesses.  Dckt. No. 26.

6          Under Rule 31, a party may depose any person by written questions.  However, where the

7   deponent is incarcerated, the party must obtain the court's permission to conduct the deposition.

8   Fed. R. Civ. P. 31(a)(2)(B).  Further, unless the parties stipulate otherwise, the party noticing the

9   deposition is required to provide the questions to an "officer", as that term is defined in Rule

10  28(a), who will take the deponent's responses to the questions, certify them, and send them to

11  the noticing party.[3]  *Id.* Rules 31(b), 30(b)(5).  Defendants have not stated that they are

12  unopposed to the court granting plaintiff leave to depose the listed individuals under Rule

13  31(a)(2)(B) nor indicated a willingness to stipulate that plaintiff may depose the individuals by

14  written questions in some manner not requiring the participation of a deposition officer.  Thus,

15  proceeding under Rule 31 may not provide a viable alternative to direct communication, due to

16  plaintiff's incarceration and the incarceration of his witnesses.

17  ////

18  ////

19

---

20  [2] Docket No. 37 is a request by plaintiff for an extension of time to present evidence from
    plaintiff's witnesses to the court. Plaintiff does not indicate whether he intends to file a motion to
21  which that evidence may be relevant or whether he generally wishes to present the evidence at
    trial.  No dispositive motion is currently pending to which the evidence might be relevant.
22  Accordingly, the court will deny plaintiff's request for an extension of time.  If plaintiff wishes
    to present the evidence at trial, he may so indicate in his pretrial statement and follow the proper
23  procedures for doing so (see Docket No. 19 regarding trial testimony of incarcerated witnesses).

24  [3] Rule 28(a) provides that a deposition may be taken before "an officer authorized to
    administer oaths either by federal law or by the law in the place of examination" or "a person
25  appointed by the court where the action is pending to administer oaths and take testimony," and
    defines "officer" as "a person appointed by the court under this rule or designated by the parties
26  under Rule 29(a)."

However, plaintiff may avail himself of the process provided for in California Code of

Regulations, title 15, § 3139.[4]  While plaintiff has indicated that communications from two of his

---

[4] That regulation provides:

[(a)] Inmates shall obtain written authorization from the Warden/Regional Parole Administrator or their designee/assigned probation officer, person in charge of the County Jail and/or other State Correctional Systems, at a level not less than Correctional Captain/Facility Captain or Parole Agent III, to correspond with any of the following:

(1) Inmates under the jurisdiction of any county, state or federal, juvenile or adult correctional agency.

(2) Persons committed to any county, state or federal program as a civil addict.

(3) Persons on parole or civil addict outpatient status under the jurisdiction of any county, state or federal, juvenile or adult correctional agency.

(4) Persons on probation.

(b) Inmates may initiate requests to correspond with the above by contacting their Correctional Counselor I (CCI). Parolees may initiate request by contacting their Parole Agent (PA).

Inmates may be allowed to correspond with the persons described in subsections 3139(a)(1) through (4) provided those persons meet the criteria of approval of no known gang affiliation, or involvement with a known terrorist group or racketeering enterprise.

(c) The CCI/PA shall interview the inmate/parolee and/or review their C-file/Field File to obtain the information required to process an inmate's Request for Correspondence Approval, CDC Form 1074 (Rev. 08/87). If an inmate's request to correspond with another inmate/parolee is denied, the CCI/PA shall advise the inmate in writing.

(1) When reviewing the initiating inmates C-file, staff shall ascertain whether prior approval exists. If prior approval exists, a copy of the previously approved CDC Form 1074 shall be forwarded to both institutional mailrooms.

(2) When an initiating inmate's request to correspond with another inmate meets the, criteria for approval per section 3139(b), and no prior approval exists, the CCI/PAI shall ensure that a CDC Form 1074 is completed.

(3) If the request is approved, staff shall retain the fifth page in the C-File/Field/File at the requesting institution/parole office. The remaining

3

four pages shall be forwarded, intact, to the institution/parole office/probation office/other county, state or federal facility where the other requested correspondent is housed. Neither a photocopy of the CDC Form 1074, nor the fifth page, shall be forwarded to the C-File or mailroom while the correspondence approval is pending.

(4) If the request to correspond is denied at the institution/parole office/probation office/other state correctional facility, the reason for denial shall be annotated on the CDC Form 1074, and it shall be returned, in its entirety, to the sending institution/ parole office.

(5) Copies/photocopies shall not be delivered to the requested inmate, the receiving institutions mailroom, or the housing unit.

(6) Upon receipt of the disapproved CDC 1074, staff at the sending institution/field office shall ensure that the 2nd page is returned to the initiating inmate.

(7) If correspondence is approved at the institution/parole office, staff shall ensure that the CDC Form 1074 is completed. They shall retain the third and fourth pages for distribution. If the third page and fourth pages are not legible, the CCI/PAI shall make photocopies of the first page prior to forwarding the completed CDC Form 1074 to the sending institution. The approved CDC Form 1074 will be distributed as directed on the form.

(8) Photocopies of the CDC Form 1074 shall not be made for the housing unit(s). The housing units shall not keep records of approved correspondents.

(9) The mailroom supervisor shall establish and maintain a record of approved CDC Form 1074s.

(10) When a CDCR inmate requests to correspond with an inmate in a county, state, or federal facility, or if the request is from a county, state, or federal inmate, the CCI shall ensure that a CDC Form 1074 is completed along with a cover letter that thoroughly explains the need for the CDC Form 1074. If the request is denied, the CCI shall ensure that a letter is forwarded to the requesting agency thoroughly explaining the denial.

(d) There shall be no limits set on the number of times approved inmates/parolees/probationers can correspond with one another unless revoked. The approval to correspond may be revoked due to disciplinary violations involving correspondence between the inmates/parolees or as a result of a classification action based on safety and security. Any such restriction, or revocation of approval, shall be communicated to inmate(s)/parolee(s) and to the warden(s)/parole administrator(s) of the institution/facility where the inmate(s)/parolee(s) are housed.

witnesses have been confiscated under § 3139(I) as unapproved, he has not indicated that he has

gone through the process outlined in § 3139(a)-(c) to obtain approval to correspond with those

inmates.  Accordingly, the court will deny plaintiff's motions for an order allowing him to

contact incarcerated witnesses without prejudice.  If plaintiff attempts to engage in

communications with his witnesses by following the proper procedures under § 3139(a)-(c) and

is denied access or is otherwise unable to effectively communicate with his witnesses, and those

communications are necessary to the litigation of this action, plaintiff may file another motion

(e) Wardens at institutions where there are segregated housing units such as, but not limited to, Security Housing Units (SHU), Administrative Segregation Units (ASU), and Psychiatric Services Units (PSU), shall outline in their local procedure any further restrictions on correspondence due to safety and security concerns, limited to those specific housing units.

(f) The most restrictive a facility can be with respect to inmate mail privileges is to limit correspondence between inmates to only the following:

(1) Immediate Family Members as defined in section 3000.

(2) Co-litigants on active cases, until the case is resolved.

(3) Incarcerated natural parent of the inmate's child.

A facility may not restrict mail privileges between an inmate and any of the above three types of correspondents, unless the inmate or the correspondent violates section 3006 or other CCR section.

(g) Approval to correspond shall remain in effect upon transfer to another departmental facility or another parole office.

(h) If an inmate's transfer is based on case factors that create security concerns, such as, but not limited to, placement in SHU, ASU, or PSU, a reexamination by committee of all approved correspondence shall be conducted. The CCI shall review and recommend to committee whether to continue approval of the correspondence.

(I) If an institution/parole office receives mail from an unapproved inmate/parolee correspondent, staff shall mark the envelope with Not an Approved Correspondent" or equivalent language and return it to the sender.

(j) Inmates confined in departmental facilities may correspond with former inmates. Prior approval of the warden, superintendent, or person in charge of the correctional facility is required if the person was discharged from a facility within the past twelve months.

1  describing his attempts to engage in the process provided by § 3139(a)-(c), why that process

2  failed him, and why the evidence from the witness is relevant and seeking appropriate relief.

3  **II.   Motion to Compel**

4      Plaintiff seeks an order compelling defendants to respond to his requests for production

5  of documents (hereinafter "RFPs").  Dckt. No. 27.  Defendants originally responded to plaintiff's

6  RFPs by objecting that plaintiff had not identified the specific defendant subject to each request.

7  Plaintiff then served amended RFPs on December 21, 2010, specifying which defendant each

8  request was directed to.  Plaintiff filed the motion to compel responses to the RFPs on January

9  10, 2011.

10     Under Federal Rule of Civil Procedure 34(b)(2)(A), defendants had 30 days from service

11 of the amended RFPs to respond; that is, until January 20, 2011.  Thus, the January 10 motion

12 was premature.  However, the date on which the responses were due is apparently in dispute.  In

13 their January 24, 2011 opposition to the motion to compel, defendants assert, without citation,

14 that their responses were not due until February 7, 2011.  The assertion is unexplained and the

15 court does not know how defendants arrived at that date.  Dckt. No. 30 at 1-2.  Nonetheless,

16 defendants state that they are responding to plaintiff's RFPs.  *Id.*  However, plaintiff filed reply

17 briefs on February 7, 2011 and February 18, 2011 implying that he has not received any RFP

18 responses.

19     On the information before the court, it appears that defendants have either wholly failed

20 to substantively respond to plaintiff's RFPs or have failed to respond in the time required.

21 Because defendants have represented to the court that they are responding to the requests, the

22 court will defer ruling on plaintiff's motion to compel at this time and instead order defendants

23 to show cause within 14 days of the date of this order why they should not be compelled to

24 respond to the RFPs and why sanctions and/or an award of expenses should not issue under

25 Federal Rule of Civil Procedure 37.

26 *////*

### III.    Motion to File Documentary Evidence

Plaintiff has filed a "motion to file documentary evidence," appending 106 pages of documents, denoted Exhibits A-Z.  Dckt. No. 29.  It is unclear what this evidence is filed in support of, although plaintiff indicates that the documents show that he exhausted his administrative remedies.  *Id.* at 1.  Currently, no dispositive motion is pending to which the attached documents might be relevant.  The court will accept the documents for filing, but informs plaintiff that, should he rely on the evidence in future briefs, he must cite specifically to the exhibit and page number; the court will not dig through the exhibits to find evidence supporting plaintiff's arguments.  If plaintiff wishes the exhibits to be a part of his complaint, plaintiff must seek leave to file an amended complaint that includes the exhibits.  L.R. 220 (all pleadings must be complete within themselves and contain all exhibits or attachments referred to within the pleading).

### IV.    Order

Accordingly, it is hereby ordered that:

1.  Plaintiff's November 3, 2010, April 11, 2011, and April 20, 2011 motions for an order allowing plaintiff to contact witnesses (Docket No. 24, 37, 38) are denied without prejudice;

2.  Plaintiff's April 8, 2011 motion for an extension of time (Docket No. 36) is denied;

3.  Defendants shall show cause within 14 days of the date of this order why the court should not issue an order compelling their responses to plaintiff's requests for production of documents and why sanctions and/or an award of expenses should not issue under Federal Rule of Civil Procedure 37 for their failure to respond or failure to timely respond to those discovery requests;

4.  Plaintiff's January 18, 2011 motion to file documentary evidence (Docket No. 29) is granted.

DATED:  May 17, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26