IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON CHRIST,

      Plaintiff,                  No. CIV S-10-0760 EFB P

    vs.

R. BLACKWELL, et al.,

      Defendants.        ORDER

                               /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The case is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2). Currently before the court are plaintiff's motion to compel (Docket No. 27) and defendants' response to the court's order to show cause regarding the same (Docket No. 43). For the reasons that follow, the court denies the motion to compel and discharges the order to show cause.

       Plaintiff's motion seeks an order compelling defendants to respond to his requests for production of documents (hereinafter "RFPs"). Dckt. No. 27. Defendant originally refused to respond to plaintiff's RFPs (three requests, dated October 21, 2010) because plaintiff had not

////

////

1

identified the specific defendant subject to each request. Dckt. No. 27 at 15-17.[1] Plaintiff again attempted to obtain documents from defendants through RFPs dated November 9, 2010 (20 requests), and defendants again refused to respond because plaintiff had not identified the specific defendant subject to each request. *Id.* at 8-13. Plaintiff then sent amended RFPs on December 21, 2010 (14 requests), specifying which defendant each request was directed to. *Id.* at 2-6.

Plaintiff filed the motion to compel responses to the RFPs on January 10, 2011. Under Federal Rule of Civil Procedure 34(b)(2)(A), defendants had 30 days from service of the amended RFPs to respond; that is, until January 20, 2011. In their January 24, 2011 opposition to the motion to compel, defendants asserted, without citation, that their responses were not due until February 7, 2011. Dckt. No. 30 at 1-2. Defendants further stated that they were in the process of responding to plaintiff's RFPs. *Id.* However, plaintiff filed reply briefs on February 7, 2011 and February 18, 2011 implying that he had not received any RFP responses. Dckt. Nos. 32, 33. Accordingly, the court ordered defendants to show cause why they should not be compelled to respond to the RFPs and why sanctions and/or an award of expenses should not issue under Federal Rule of Civil Procedure 37.

In response to the order to show cause, defendants argue that their responses to the December 21, 2010 RFPs were not due until 48 days from service "in accordance with the Court's Scheduling Order." Dckt. No. 43 at 2. The court has reviewed the scheduling order, issued October 7, 2010 and appearing at Docket No. 19 and finds no such extension of the normal time limit contained in Federal Rule of Civil Procedure 34(b)(2)(A). Rather, the order simply provides that discovery is to proceed as provided in the Federal Rules of Civil Procedure. Dckt. No. 19 at 1.

////

---

[1] Page numbers cited herein refer to those assigned by the court's electronic docket management system and not those assigned by the parties.

Defendants also argue that, even if they had calendared their response due date according to Federal Rule of Civil Procedure 34(b)(2)(A), plaintiff did not attach a proof of service to the December 21, 2010 RFPs, so they had 30 days from the date they received the requests, December 27, 2010, plus three days for mailing (Federal Rule of Civil Procedure 6(d)), to respond. Defendants argue that, under this computation, the responses were not due until January 29, 2011, a date falling outside the discovery period provided in the court's scheduling order by one day.

Even accepting the premises of defendants' timeliness argument, defendants did not object or refuse to respond to the December 21, 2010 RFPs on timeliness grounds. Nor did defendants raise the timeliness issue in opposing plaintiff's motion to compel. *See* Dckt. No. 30. Instead, defendants served responses to the December 21, 2010 RFPs by mail on February 7, 2010 (well beyond the January 29, 2011 due date computed by defendants), with verifications following the next day. Dckt. No. 43-1, Ex. A. Accordingly, the court considers defendants' argument that plaintiff's December 21, 2010 RFPs were untimely, raised for the first time in response to the court's order to show cause, waived.

It appears that defendant attributes the failure to timely respond to plaintiff's December 21, 2010 RFPs, to defense counsel's secretary apparently laboring under the misconception that the due date should be calendared using 48 days and because defendants did ultimately serve responses. St. James Declaration, Dckt. No. 43, Exh. 1, ¶ 5. Attribution of the error to support staff in no way excuses counsels failure to comply with scheduling orders or federal or local rules. Although the court declines to impose a sanction at this time, counsel is admonished that the court will enforce future filing deadlines. Accordingly, the court discharges the order to show cause and considers the merits of plaintiff's requests to compel further responses. Dckt. Nos. 27, 32, 33, 44.

In his original motion to compel, plaintiff simply stated as grounds for an order compelling discovery that "Plaintiff has tried three times for documents. Defendant objects to

3

1  all of Plaintiff's requests so far in this discovery." Dckt. No. 27 at 1. Plaintiff included no
2  argument regarding why defendants' objections were not well-founded or should be disregarded
3  by the court. Plaintiff's first reply brief to defendants' opposition to the motion to compel was
4  similarly insubstantial. Dckt. No. 32. Plaintiff raised slightly more specific contentions in his
5  brief filed February 18, 2011, in which he argued that defendants had "claim[ed] ambiguities in
6  questions that any two-year-old would understand" and implied that defendants had wrongfully
7  claimed that documents were not in their "possession, custody or control" and were protected by
8  the attorney-client privilege. Dckt. No. 33. Plaintiff did not identify which specific RFP
9  responses he contended were inadequate for these reasons, however.

10     As the moving party, plaintiff bears the burden of informing the court which discovery
11  requests are the subject of his motion to compel, which of defendants' responses are disputed,
12  why he believes defendants' responses are deficient, why defendants' objections are not
13  justified, and why the information he seeks through discovery is relevant to the prosecution of
14  this action. *See, e.g., Brooks v. Alameida*, No. CIV S-03-2343 JAM EFB P, 2009 U.S. Dist.
15  LEXIS 9568, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which
16  responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's
17  motion."); *Ellis v. Cambra*, No. CIV 02-05646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 109050,
18  2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which
19  discovery requests are the subject of his motion to compel, and, for each disputed response,
20  inform the court why the information sought is relevant and why Defendant's objections are not
21  justified.").

22     As noted above, plaintiff has not identified the specific discovery responses he
23  challenges. Nor has he provided specific arguments as to why each challenged response is
24  deficient. Merely stating generally that defendants have "claim[ed] ambiguities in questions
25  that any two-year-old would understand" and implying that defendants have wrongfully claimed
26  that documents were not in their "possession, custody or control" and were protected by the

4

attorney-client privilege is not sufficient. The court will not review each of plaintiff's discovery requests and each of defendants' responses in order to determine whether any of defendants' responses are somehow deficient. Plaintiff has the burden of accurately identifying his requests and describing why defendants' particular response is inadequate. *See, e.g., Williams v. Flint*, No. CIV S-06-1238 FCD GGH P, 2007 U.S. Dist. LEXIS 98794, 2007 WL 2274520, at *1 (E.D. Cal. Aug. 3, 2007) ("It is plaintiff's burden to describe why a particular response is inadequate. It is not enough to generally argue that all responses are incomplete.").

Accordingly, the plaintiff's motion to compel must be denied. As discovery has now closed, plaintiff must seek a modification of the scheduling order if he wishes to file a renewed motion to compel that specifically identifies each of the discovery responses he wishes to challenge and provides the court with argument as to why each challenged discovery response is deficient. Any request to modify the scheduling order must comply with and satisfy the "good cause" standard set out in Fed. R. Civ. P. 16(b)(4).

**IV.   Order**

Accordingly, it is hereby ordered that:

1. Plaintiff's January 10, 2010 motion to compel (Docket No. 27) is denied.

2. The order to show cause issued on May 17, 2011 (Docket No. 42) is discharged.

DATED: August 30, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5