IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON CHRIST,

        Plaintiff,                      No. CIV S-10-0760 EFB P

    vs.

R. BLACKWELL, et al.,

        Defendants.            <u>ORDER</u>

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The case is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

        Currently before the court are plaintiff's request to modify the scheduling order (Docket No. 47), plaintiff's requests for the attendance at trial of incarcerated witnesses (Docket Nos. 48, 55), and defendants' motion to dismiss (Docket No. 52). For the reasons that follow, the court denies plaintiff's motion to modify the scheduling order, defers ruling on plaintiff's requests for the attendance of incarcerated witnesses, and denies defendants' motion to dismiss.

        In plaintiff's September 22, 2011 request to modify the scheduling order, he essentially objects to defendants' responses to his discovery requests. Dckt. No. 47. This court has previously informed plaintiff that discovery in this action is now closed, and that to re-open

1

discovery plaintiff must request that the court modify the scheduling order and satisfy the "good cause" standard set out in Fed. R. Civ. P. 16(b)(4). *See* Dckt. No. 45. Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Although titled, "request for a modification of the scheduling order," plaintiff makes no effort to show that good cause exists to modify the schedule. Defendants opposed plaintiff's motion on this ground, and plaintiff, in his reply brief, still failed to demonstrate the requisite good case. Dckt. Nos. 49, 54. Accordingly, plaintiff's motion is denied.

In plaintiff's September 29, 2011 and October 21, 2011 filings, he requests the attendance of incarcerated witnesses at trial, and permission to correspond with certain witnesses. Dckt. Nos. 48, 55. Since filing those motions, plaintiff has filed his pretrial statement, in which he lists six witnesses for trial, summarizes the anticipated testimony as to five of those witnesses, and restates his request to communicate with two of the witnesses to determine if they are willing to testify voluntarily. *See* Dckt. No. 62. In due course, the court will issue a pretrial order. At that time, the court will determine how to proceed as to plaintiff's incarcerated witnesses, including whether writs should issue requiring the witnesses' custodians to bring them to court for the trial.

In defendants' October 21, 2011 motion to dismiss, they argue this action should be dismissed because plaintiff failed to timely file a pretrial statement. Dckt. No 52. They contend they are prejudiced because their time to prepare for trial is shortened as "each day passes and the trial date looms closer . . . ." *Id.* at 3. However, no trial has been scheduled in this action, and plaintiff has now filed his pretrial statement, which the court deems timely filed. Defendants have not demonstrated how plaintiff's delay in filing his pretrial statement has prejudiced them, and have not demonstrated that the dismissal of this action is appropriate. Accordingly, defendants' motion to dismiss is denied.

////

1   Accordingly, it is hereby ordered that:

2   1.  Plaintiff's September 22, 2011 request to modify the scheduling order (Docket No.
3   47) is denied.

4   2.  Plaintiff's January 3, 2012 pretrial statement is deemed timely filed.

5   3.  Defendants' October 21, 2011 motion to dismiss (Docket No. 52) is denied.

6   4.  The Clerk is directed to terminate docket entries 48 and 55.

DATED: February 1, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3