IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON CHRIST,

        Plaintiff,                  No. 2:10-cv-0760 EFB P

    vs.

R. BLACKWELL, et al.,

        Defendants.        <u>ORDER</u>

                                 /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The case is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2). Plaintiff has filed a motion in limine and a motion for a court-appointed expert.

       This matter is currently set for a settlement conference. If the parties do not reach a settlement, the court will issue a pretrial order and schedule a trial. Therefore, plaintiff's motion in limine is denied without prejudice to renewal or re-filing in the event the court issues a pretrial order and sets the case for trial.

////

////

////

1

Plaintiff also requests that the court appoint an expert medical witness for him because he is indigent.[1] He also asks that defendants pay for any related expert witness fees. Under Federal Rule of Evidence 706, a district court "may order the parties to show cause why expert witnesses should not be appointed . . . ." Fed. R. Evid. 706(a). Appointment of an expert under Rule 706 relieves the court and the jury from being "completely at the mercy of the parties' warring experts," and thus, only allows for the appointment of a expert who is a "genuine neutral." *In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651, 665 (7th Cir. 2002).

In this case, plaintiff does not seek a neutral expert. Rather, he requests appointment of an expert witness for his benefit alone, which is not authorized by Rule 706. *See Gorton v. Todd*, 793 F. Supp. 2d 1171, 1177-78 (E.D. Cal. 2011). Additionally, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not authorize the expenditure of public funds for witnesses. *See* 28 U.S.C. § 1915; *see also Gorton*, 793 F. Supp. 2d at 1184 n.11. And plaintiff cites to no authority that would require defendants to make such an expenditure.

Accordingly, it is hereby ordered that:

1. Plaintiff's motion in limine (Docket No. 65) is denied without prejudice.

2. Plaintiff's motion for a court-appointed expert (Docket. No. 67) is denied.

DATED: July 30, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent plaintiff wishes to include Dr. Jason Rohrer as one of his witnesses for trial, the court will address that request in the event the court issues a pretrial order.