IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON CHRIST,

        Plaintiff,                      No. 2:10-cv-0760 EFB P

        vs.

R. BLACKWELL, et al.,

        Defendants.              <u>ORDER</u>

      Jon Christ, plaintiff, is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Settlement negotiations have thus far been unsuccessful, and the parties have filed pretrial statements. In reviewing the case in preparation for trial, the court has discovered that two named defendants have not responded to the complaint. The court cannot proceed further without resolving the status of these defendants.

**I.    Weiglein**

      Plaintiff originally filed this action in state court, and defendants elected to remove the case here. Dckt. No. 1-1. An individual referred to as Weiglein is named in the body of the complaint. Paragraphs 4 identifies him as a "correctional sergeant" employed by the CDCR. Paragraph 7 states that Weiglein denying plaintiff's appeal and "covered up actions of defendant Lopez, his fellow sergeant." *Id.* at CM/ECF page 8 of 17. However, Weiglein is not named in

1

the caption of the complaint nor in the summons. Weiglein has never answered or otherwise responded to the complaint. It is not clear whether defendant Weiglein has ever been served but his absence from the caption or the summons suggest that he has not. It appears that, even if served, defendant Weiglein did not join in removing the case to federal court. The notice of removal refers generally to "defendants," but is signed by counsel representing only defendants Blackwell, Broyles, Lopez, Voight, Roszko, and Zuniga.[1] Dckt. No. 1 at 2.

If plaintiff did not complete service of the complaint on defendant Weiglein prior to the removal of the case to federal court, he had 120 days to accomplish that service after removal by requesting that the court order the U.S. Marshal to effect service on defendant Weiglein.[2] 28 U.S.C. § 1448 (providing that, where service on a defendant has not been completed or perfected prior to removal, the plaintiff may complete that service of new process issued in the same manner as in cases filed originally in the district court); Fed. R. Civ. P. 4(c)(3) (providing that, at the plaintiff's request, the court may order service by the U.S. Marshal) & 4(m) (providing that the court must dismiss a defendant not served within 120 days of the filing of the complaint unless plaintiff shows good cause for the failure to serve). Plaintiff did not do so. Accordingly,

---

[1] The removal statute requires that all defendants who have been properly joined and served join in or consent to removal. 28 U.S.C. § 1446(b)(2)(A). This is known as the "rule of unanimity," and failure to comply with the rule is a procedural, non-jurisdictional defect that must be addressed by a motion to remand made within 30 days after the filing of the notice of removal. *Id.* § 1447(c); *Powell v. DEF Express, Inc.*, 265 Fed. Appx. 672, 674 (9th Cir. 2008) (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) for the proposition that the rule of unanimity is a procedural requirement)); *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003) (holding that district courts lack authority to remand a case *sua sponte* for procedural defects in removal); *Ferber v. First Horizon Home Loan Corp.*, No. CIV S-09-1449 GEB EFB PS, 2009 U.S. Dist. LEXIS 93171, at *2-4 (E.D. Cal. Oct. 2, 2009) (concluding that the court lacked authority to remand a case due to failure of unanimity where plaintiff did not move for remand). Plaintiff did not elect to file a motion for remand during the 30-day window provided by 28 U.S.C. § 1447(c) and the court's order of June 22, 2010, and instead requested that the court exercise jurisdiction. Dckt. Nos. 6, 12. Accordingly, any defect in unanimity that may exist (if defendant Weiglein was properly joined and served in the state case yet failed to join in the notice of removal) does not impact this court's jurisdiction.

[2] As plaintiff has not been granted leave to proceed in forma pauperis, the court was not obligated to order service on defendant Weiglein by the U.S. Marshal. Fed. R. Civ. P. 4(c)(3).

the court orders plaintiff to show cause within 30 days of the date of this order why defendant Weiglein should not be dismissed from this action under Federal Rule of Civil Procedure 4(m).

## II.     Defendant Roszko

Defendant Roszko joined the notice of removal. *See* Dckt. No. 1 at 2 (notice of removal signed by counsel for defendants Blackwell, Broyles, Lopez, Voight, Roszko, and Zuniga). On August 31, 2010, the court ordered all defendants to file a response to the complaint within 30 days. Dckt. No. 15. On September 29, 2010, the same counsel filed an answer on behalf of defendants Blackwell, Broyles, Lopez, Voight, and Zuniga, but defendant Roszko was no longer listed. Dckt. No. 17. The docket does not reveal any explanation for defendant Roszko's sudden absence. He has, however, reappeared as a potential witness in defendants' pretrial statement. Dckt. No. 63 at 9.

On October 5, 2010, plaintiff requested entry of default against all defendants. Plaintiff argued that the answer was due on September 28, 2010 and, because plaintiff had not yet received the answer on the date he drafted his motion (September 29, 2010), entry of default was appropriate as to all defendants. Dckt. No. 18. Plaintiff did not argue specifically that defendant Roszko had not responded to the complaint. The court, having received the timely answer of defendants Blackwell, Broyles, Lopez, Voight, and Zuniga on September 29, 2010, did not respond to plaintiff's request.

In sum, defendant Roszko joined in removing the case to federal court and was ordered by this court to file a response to the complaint, but he has not done so. Accordingly, defendants are ordered to show cause within 30 days of the date of this order why the court should not reconsider plaintiff's request for entry of default as to defendant Roszko.[3]

---

[3] The court informs plaintiff that, in the event default were entered as to defendant Roszko, plaintiff would still be required to apply to the court for a default judgment against him. In most cases, the court has discretion as to whether to enter a default judgment against a defendant. Factors which may be considered by courts in exercising discretion as to the entry of default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of

**III.   Settlement Negotiations**

At the conclusion of the settlement conference, the parties indicated their intent to continue negotiations out-of-court.  The parties shall inform the court whether such communications have occurred and whether an additional settlement conference would be fruitful.

**IV.   Order**

For the reasons stated above, it is hereby ORDERED that:

1. Within 30 days of the date of this order, plaintiff shall show cause why defendant Weiglein should not be dismissed under Federal Rule of Civil Procedure 4(m) due to plaintiff's failure to serve him;

////

////

---

plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); *see also Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law" (citation and quotation marks omitted)); *Abney v. Alameida*, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").  Thus, a party's default conclusively establishes that party's liability on sufficiently-pleaded claims, but does not establish the amount of damages.  *Geddes*, 559 F.2d at 560; *see also Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990); *Doe v. Rafael Saravia*, 348 F. Supp. 2d 1112, 1143 (E.D. Cal. 2004).  To obtain a default judgment against a defendant for a claim for uncertain damages, the plaintiff must prove the amount of damages he seeks.  *Shanghai Automation Instrument Co., Ltd. v. KUEI*, 194 F. Supp. 2d 995, 1010 (N.D. Cal. 2001).

4

    2. Within 30 days of the date of this order, defendants shall show cause why the court should not reconsider plaintiff's request for entry of default as to defendant Roszko; and

    3. Within 30 days of the date of this order, the parties shall inform the court whether they wish to participate in an additional settlement conference.

Date: May 14, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5