UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON CHRIST, | No. 2:10-cv-760-EFB P |
| Plaintiff, | |
| v. | ORDER |
| R. BLACKWELL, et al., | |
| Defendants. | |

Jon Christ, plaintiff, is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In reviewing the case in preparation for trial, the court discovered that two named defendants have not responded to the complaint. Accordingly, the court requested the parties to clarify the status of those named defendants. ECF No. 101. The parties have done so. ECF Nos. 102, 104, 105.

**I.     Defendant Weiglein**

Plaintiff originally filed this action in state court, and defendants elected to remove the case here. ECF No. 1-1. Defendant Weiglein did not answer or otherwise respond to the complaint. It was therefore unclear whether defendant Weiglein had ever been served. His name does not appear on the caption of the complaint, but it does appear in the body of the complaint. *See id*. at 3, 8. The court ordered plaintiff to show cause why defendant Weiglein should not be dismissed for failure to serve.

1

Plaintiff responds that he is pursuing a separate action against defendant Weiglein, Case No. 2:11-cv-00525 TLN EFB.  ECF No. 102.  Accordingly, defendant Weiglein shall be dismissed from this action.

**II.     Defendant Roszko**

The notice of removal was signed by defense counsel on behalf of defendants Blackwell, Broyles, Lopez, Voight, Zuniga, and Roszko.  *See* ECF No. 1 at 2.  On August 31, 2010, the court ordered all defendants to file a response to the complaint within 30 days.  ECF No. 15.  On September 29, 2010, the same counsel filed an answer on behalf of defendants Blackwell, Broyles, Lopez, Voight, and Zuniga, but defendant Roszko was no longer listed.  ECF No. 17.  Defendants did not provide the court with any explanation for defendant Roszko's sudden absence.  He reappeared, however, as a potential witness in defendants' pretrial statement.  ECF No. 63 at 9.

On October 5, 2010, plaintiff requested entry of default against all defendants.  Plaintiff argued that the answer was due on September 28, 2010 and, because plaintiff had not yet received the answer on the date he drafted his motion (September 29, 2010), entry of default was appropriate as to all defendants.  ECF No. 18.  Plaintiff did not argue specifically that defendant Roszko had not responded to the complaint.  The court, having received the timely answer of defendants Blackwell, Broyles, Lopez, Voight, and Zuniga on September 29, 2010, did not respond to plaintiff's request.

The court ordered defendants to show cause why the court should not reconsider plaintiff's request for entry of default as to defendant Roszko.  Defense counsel have responded that defendant Roszko was never served with the state court complaint prior to removal and that the inclusion of defendant Roszko on the notice of removal was inadvertent.  ECF No. 104.  According to defense counsel, they were referred the case from the state Attorney General's office with only a few days to respond to the complaint.  *Id*.  In their haste, they did not verify whether defendant Roszko had actually been served.  *Id*.  Several days after removal, defendant Roszko informed defense counsel that he had not been served.  *Id*.  Accordingly, defense counsel did not file the answer on his behalf.  *Id*.  Then, the following year, defendant Roszko signed a

formal request for representation from defense counsel in this case. ECF No. 104-3. The request states: "I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons." *Id*. Defense counsel asks for permission to amend their answer to include defendant Roszko or, alternatively, to move for his dismissal because plaintiff failed to serve him. ECF No. 104.

It is apparent from the attachments to plaintiff's objections to defendants' response to the order to show cause that plaintiff did not complete service of the complaint on defendant Roszko prior to the removal of the case to federal court. ECF No. 105 at 10. Once the case was removed to federal court, plaintiff had 120 days to accomplish that service by requesting that the court order the U.S. Marshal to effect service on defendant Roszko. 28 U.S.C. § 1448 (providing that, where service on a defendant has not been completed or perfected prior to removal, the plaintiff may complete that service of new process issued in the same manner as in cases filed originally in the district court); Fed. R. Civ. P. 4(c)(3) (providing that, at the plaintiff's request, the court may order service by the U.S. Marshal) & 4(m) (providing that the court must dismiss a defendant not served within 120 days of the filing of the complaint unless plaintiff shows good cause for the failure to serve). Plaintiff did not do so.

The court must provide plaintiff with additional time to effect service on defendant Roszko if plaintiff shows good cause for failing to do so within the 120 days following removal or if the court, in its discretion, otherwise determines that the time for service on defendant Roszko should be extended. Fed. R. Civ. P. 4(m); *United States v. 2,164 Watches*, 366 F.3d 767, 771-72 (9th Cir. 2004); *Parkinson v. Freedom Fid. Mgmt.*, No. 10-CV-0345-TOR, 2012 U.S. Dist. LEXIS 73985, at *14-16 (E.D. Wash. May 29, 2012).

Accordingly, defendant Roszko shall file within 14 days of this order a motion to amend the answer to include Roszko and/or to dismiss Roszko under Rule 4(m). Plaintiff shall file an opposition to the motion or a statement of no opposition within 14 days of being served with the defendant's motion. Defendants shall file any reply within seven days of service of plaintiff's opposition.

/////

**III.     Order**

For the reasons stated above, it is hereby ORDERED that:

1. The Order to Show Cause dated May 14, 2013 (ECF No. 101) is DISCHARGED;

2. Within 14 days of the date of this order, defendant Roszko shall file a motion to amend the answer to include defendant Roszko and/or to dismiss defendant Roszko under Federal Rule of Civil Procedure 4(m);

3. Within 14 days of being served with defendants' motion to amend and/or dismiss, plaintiff shall file an opposition to the motion or a statement of no opposition; and

4. Within seven days of service of plaintiff's opposition, defendants may file a reply brief.

Dated: July 18, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4