UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON CHRIST, | No. 2:10-cv-760-EFB P |
| Plaintiff, | |
| v. | ORDER |
| R. BLACKWELL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C § 1983.¹ Presently before the court is the question of whether named defendant Roszko should be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or whether, pursuant to that rule, plaintiff should be granted additional time to serve the summons and complaint on defendant Roszko.

**I.     Background**

As explained in the order filed on May 14, 2013 (ECF No. 101), the court's review of the docket revealed that two named defendants, Weiglein and Roszko, had not responded to the complaint. Because this case could not proceed to trial without resolving the status of these defendants, the court ordered the parties to address the matter. Plaintiff informed the court that he

---

¹ The case is before the court pursuant to the parties' consent. ECF Nos. 4, 14, 74; 28 U.S.C. § 636; E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

had elected to pursue his claims against Weiglein in a separate action.  ECF No. 102.  Therefore, the claims as to Weiglein in this case are duplicative, and Weiglein was dismissed from this action.  ECF No. 106 at 1-2.

As to defendant Roszko, defense counsel's response states that Roszko was inadvertently listed in the petition removing this action from state court, but he subsequently informed counsel that he had not been served.  Defense counsel explains that for that reason, when an answer was filed on September 20, 2010, it included only those parties that were served.  ECF No. 104 at 2.  According to defense counsel, "Mr. Roszko signed a Request for Representation on April 6, 2011 indicating that he had been made aware [by this firm] of the Christ matter, that the case had been removed to federal Court and wanted representation."  *Id.* (citing Terhorst Decl. and Exh. B thereto).  Accordingly, defense counsel sought permission to amend the answer to include defendant Roszko or, alternatively, to move for his dismissal because plaintiff failed to serve him.  ECF No. 104.  The court ordered counsel to file within 14 days either a motion to amend the answer to include defendant Roszko or, in the alternative, a motion to dismiss under Rule 4(m).  The defense has responded with a motion to dismiss defendant Roszko for failure to timely effect service of process on him.  ECF No. 107.  Plaintiff opposes that motion and has requested an order directing service of process on defendant Roszko.  ECF No. 108.

For the reasons stated below, the motion to dismiss is denied and the court orders that service be effected on defendant Roszko.  Alternatively, to avoid incurring the costs of service, defendant Roszko may waive service pursuant to Rule 4(d).

**II.    Analysis**

Plaintiff originally filed this action in state court.  As the court previously observed, *see* ECF No. 106 at 3, plaintiff's response to the order to show cause included attachments concerning his unsuccessful attempt to serve defendant Roszko.  Those attachments show that plaintiff did not complete service of the complaint on defendant Roszko prior to the removal of the case to federal court.  ECF No. 105 at 10 (Solano County Sheriff's return of service dated March 10, 2010 indicating that defendant Roszko was not found at the address provided).  When

1  the case was removed to federal court 20 days later, plaintiff had 120 more days to accomplish
2  service on defendant Roszko by requesting that the court order the U.S. Marshal to effect service.
3  28 U.S.C. § 1448 (providing that, where service on a defendant has not been completed or
4  perfected prior to removal, the plaintiff may complete that service of new process issued in the
5  same manner as in cases filed originally in the district court).

6  The notice of removal was signed by defense counsel on behalf of defendants Blackwell,
7  Broyles, Lopez, Voight, Zuniga, and Roszko. *See* ECF No. 1 at 2. On August 31, 2010, the court
8  ordered all defendants to file a response to the complaint within 30 days. ECF No. 15. On
9  September 29, 2010, the same counsel filed an answer on behalf of defendants Blackwell,
10 Broyles, Lopez, Voight, and Zuniga, but defendant Roszko was not listed.[2] ECF No. 17.
11 Defendants did not provide the court with any explanation for defendant Roszko's sudden
12 absence from the pleadings. However, over a year later, on January 27, 2012, he reappeared as a
13 potential witness in defendants' pretrial statement. ECF No. 63 at 9.

14 It is undisputed that Deputy Sherriff Leonard Alexandre attempted, but was unable to
15 complete service on "B.C. Roszko." ECF No. 105, Attachment (Proof of Service as to Roszko
16 and Declaration of Diligence dated March 10, 2010).[3] It is further undisputed that to date Roszko
17 remains unserved. Rule 4(m) provides that "[i]f a defendant is not served within 120 days after
18 the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must
19 dismiss the action without prejudice against the defendant or order that service be made within a
20 specified time. But if the plaintiff shows good cause for the failure, the court must extend the
21 time for service for an appropriate period."

---

[2] On October 5, 2010, plaintiff requested entry of default against all defendants. Plaintiff argued that the answer was due on September 28, 2010 and, because plaintiff had not yet received the answer on the date he drafted his motion (September 29, 2010), entry of default was appropriate as to all defendants. ECF No. 18. Plaintiff did not argue specifically that defendant Roszko had not responded to the complaint. The court, having received the timely answer of defendants Blackwell, Broyles, Lopez, Voight, and Zuniga on September 29, 2010, did not enter the requested default.

[3] Each of the forms documenting service of the summons, and the attempted service on Roszko, stated that the "fee for service" was "waived," indicating that the state court had permitted plaintiff to proceed in forma pauperis. *Id.*

3

The Ninth Circuit has explained that:

> Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect. Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action.

*Crowley v. Bannister,* 734 F.3d 967, 976 (9th Cir. 2013) (quoting *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir.2009) (internal citations omitted)).  The court considers not only the diligence of the plaintiff but also whether granting plaintiff additional time to complete service of process would result in prejudice to defendant's ability to present a defense. "In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Lemoge v. United States*, 587 F.3d at 1198 (quoting *Boudette v. Barnette*, 923 F.2d 754, 756, n.3 (9th Cir. 1991)).

Here, it is significant that both counsel for defendant Roszko and defendant Roszko himself have been aware of this action from the time of its removal.  Indeed, counsel concedes that Roszko indicated on April 6, 2011 that he was made aware of the action and that he wanted representation.  Further, the same attorneys representing defendant Roszko also represent all other defendants in this action.  There is no doubt that defendant Roszko was aware that he was named as a defendant and was aware of the nature of the claims.  It is also significant that when the action was removed, and again when counsel sought an extension of time to file an answer, the pleadings identified defendant Roszko as a represented party.   Finally, and significantly, "Lt. B. Roszko" is specifically identified as a defense witness in the defendants' pretrial statement. ECF No. 63 at 9, ¶ 10 (witness number 9).  Thus, there appears to be little if any prejudice to defendant Roszko's ability to present a defense if plaintiff's request for an order directing service is granted.

On the other hand, dismissal of plaintiff's claims at this late stage may effectively operate as a dismissal with prejudice.  Counsel for Roszko argues that the statute of limitations on

plaintiff's claim against defendant Roszko has expired during the pendency of this action. ECF No. 107-1 at 2 (arguing that a dismissal of defendant Roszko under Rule 4(m) should be with prejudice because of the two year statute of limitations has now run and any new action would be time-barred).[4]

The court's exercise of discretion under Rule 4(m) as to whether to dismiss or to grant plaintiff additional time to effect service as to Roszko must take account of these factors. It must also take account of plaintiff's incarceration, his pro se status, and the consequences of his apparently having been granted in forma pauperis status while his action was pending in the state court. Where such status is granted in a federal proceeding, the responsibility for completing the service of process is placed on the U.S. Marshal, and the question of whether plaintiff has acted with due diligence must focus on whether the plaintiff has attempted to provide the Marshal with available information to complete the task. As explained by the Ninth Circuit

> "In cases involving plaintiffs proceeding in forma pauperis, the United States Marshal, upon order of the court, is authorized to serve the summons and the complaint. *See* 28 U.S.C. § 1915(c); *Boudette v. Barnett*, 923 F.2d 754, 757 (9th Cir.1991). '[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties. . . .' *Puett* [*v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)]. So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service 'is automatically good cause within the meaning of Rule 4(j).' *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990) (internal quotations omitted).

*Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, (1995) (dismissing in forma pauperis action where incarcerated plaintiff failed to demonstrate that he provided Marshal with sufficient information necessary for service). The panel in *Walker* concluded that Walker did not show "that he provided the marshal with sufficient information to serve Housewright or that he in fact requested that Housewright be served." *Id.*

---

[4] Counsel has not addressed the applicability of any tolling principles.

5

Here, it appears that plaintiff tried to get the Sheriff to effect service while this action was pending in state court. The return of service stated that the Roszko was "retired." If that is true, California Department of Corrections and Rehabilitation ("CDCR") could have easily supplied the Sherriff, or upon removal the Marshal, with the address for service. Likewise, the Sheriff, and subsequently the Marshal's staff, could have easily asked CDCR for it. So, too, could have counsel. Indeed, this kind of information is ordinarily covered by the "initial disclosures" mandated by Rule 26(a)(1)(A)(i). Although Federal Rule of Civil Procedure 26(a)(1)(B)(iv) exempts pro se prisoner cases from the initial disclosure requirements, this factor nonetheless informs the court's exercise of discretion in determining whether to grant plaintiff, who is incarcerated and dependent upon others to complete service of process, additional time to effect service on defendant Roszko.[5]

For these reasons, the court finds good cause to grant plaintiff additional time for service of process as to defendant Roszko.

**III.   Order**

Accordingly, it is hereby ORDERED that:

1. Defendants' August 1, 2013 motion to dismiss plaintiff's claims against defendant Roszko (ECF No. 107) is denied.

2. Plaintiff's August 1, 2013 motion for service of the complaint, construed as a request for an extension of time under Rule 4(m) to effect service on defendant Roszko (ECF No. 108) is granted.

3. Plaintiff may, within 14 days of the date of this order, file a motion to proceed in forma pauperis in this action if plaintiff wishes the court to order the Marshal to serve the complaint on defendant Roszko. Plaintiff is admonished that being granted in forma pauperis status will subject plaintiff to 28 U.S.C. § 1915(e) and (g).

---

[5] At the very least, counsel for defendant Roszko could have timely addressed his status in the case either by accepting service or moving to dismiss for failure to serve. Indeed, defendant Roszko's instructions to counsel in his request for representation states that "I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons." ECF No. 104-3.

6

4. To avoid incurring further costs of service, counsel for defendant Roszko may accept service on his behalf.  Counsel shall file such acknowledgement of service within 14 days of this order.
5. Upon service of the complaint or waiver of service, defendant Roszko shall respond to the complaint within the time provided by Federal Rule of Civil Procedure 12(a).
6. Within 14 days of the date of this order, the parties shall inform the court whether they wish to file amended pretrial statements, rely on those filed in January 2012 (ECF Nos. 62, 63), or seek to modify the current scheduling order .

DATED: December 12, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE