UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON CHRIST, | No. 2:10-cv-00760-EFB P |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| R. BLACKWELL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C § 1983. The case is before the court pursuant to the parties' consent. ECF Nos. 4, 14, 74; 28 U.S.C. § 636; E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2). Currently pending before the court is plaintiff's motion to communicate with his incarcerated third-party witnesses. ECF No. 124.

The instant motion is the latest in a string of motions asking the court for an order compelling institutional officials to allow plaintiff to communicate with certain inmates who plaintiff attests are witnesses to one or more events that form the basis of this action. ECF Nos. 24, 48, 55, 58, 124. The court previously ordered plaintiff to attempt communication with those witnesses through the process provided for by Section 3139 of Title 15 of the California Code of Regulations. ECF No. 42. Plaintiff has provided the court with evidence that prison officials have denied his request, citing to § 3139(f). ECF No. 124 at 3-14.

1

Section 3139 provides the procedure that an inmate must follow if he wishes to communicate with fellow inmate. Subsection (f) provides:

> The most restrictive a facility can be with respect to inmate mail privileges is to limit correspondence between inmates to only the following:
>
> (1) Immediate Family Members as defined in section 3000.
>
> (2) Co-litigants on active cases, until the case is resolved.
>
> (3) Incarcerated natural parent of the inmate's child.
>
> A facility may not restrict mail privileges between an inmate and any of the above three types of correspondents, unless the inmate or the correspondent violates section 3006 or other CCR section.

The institutional response to plaintiff's request simply informed that, because the witnesses were not co-litigants in this case, plaintiff would not be permitted to communicate with them. ECF No. 124 at 3.

In response to plaintiff's frequent complaints to this court that he has not been able to communicate with his incarcerated witnesses, defendants have argued that institutional reliance on § 3139(f) is justified as a reasonable security precaution. *See* ECF Nos. 26, 129. Defendants further argued that plaintiff could avail himself of Federal Rule of Civil Procedure 31, which provides for depositions upon written questions. ECF No. 26. And, in response to plaintiff's most recent motion, defendants contend that plaintiff has not submitted any declarations showing that his witnesses (Dillinger, Dejarlais, Pizzarusso, Pappas, Rossignon, and Schuknecht) have first-hand knowledge of events relevant to this action. ECF No. 129

This court concluded that the procedure provided by Rule 31 was potentially problematic for plaintiff, an incarcerated individual, because he could not secure a deposition officer to take the deponents' responses and certify them, as required by that rule. ECF No. 42 at 2 (citing Fed. R. Civ. P. 31(b), 30(b)(5)); *see also Cantu v. Garcia*, No. 1:09cv00177 AWI DLB PC, 2013 U.S. Dist. LEXIS 2968, at *3-4 (E.D. Cal. Jan. 8, 2013) (denying plaintiff's motion to conduct a deposition upon written questions where the plaintiff had not established that he had provided his questions to a deposition officer who would then take the deponent's responses and certify them, as Rule 31 requires); *Tuttamore v. Allred*, No. 11-cv-01522-MSK-KMT, 2012 U.S. Dist. LEXIS

1  176050, at *1-2 (D. Colo. Dec. 12, 2012) (denying plaintiff's request for appointment of a

2  deposition officer for a deposition upon written questions because no authority provided for such

3  appointment).  Defendants have not indicated a willingness to stipulate that plaintiff could depose

4  his witnesses in some manner not requiring the participation of a deposition officer.  *Id.*

5      In addition, defendants' assertion that plaintiff has not submitted declarations showing

6  that his incarcerated witnesses have first-hand knowledge relevant to this case is plain wrong.

7  Plaintiff has submitted declarations from Dillinger, Pizzarusso, Pappas, and Rossignon as well as

8  a signed statement from Dejarlais.  ECF No. 48 at 20-28; ECF No. 55 at 6-8.  Plaintiff states that

9  he has not been able to secure a declaration from Schuknecht because CSP-Solano has refused to

10  allow plaintiff to contact him.

11      While the court is mindful of institutional security interests, it is not readily apparent how

12  allowing plaintiff to submit written questions to his witnesses –  regarding the facts relevant to

13  this suit and to solicit declarations describing those facts and whether the witness will voluntarily

14  testify at trial – will compromise those interests, particularly if prison staff retain the authority to

15  review the correspondence.  *See* Cal. Code Regs. tit. 15, § 3141 (listing classes of confidential

16  correspondence).  Plaintiff does not seek general, unsupervised correspondence with these

17  inmates, but rather limited correspondence regarding this lawsuit that correctional officials may

18  review.  ECF No. 124.

19      Accordingly, the court orders defendants to show cause within 30 days of the date of this

20  order why the California Department of Corrections and Rehabilitation should not be compelled

21  to allow plaintiff such limited correspondence with his witnesses, under this court's authority

22  under the All Writs Act, 28 U.S.C. § 1651(a).  *See United States v. N.Y. Tel. Co.*, 434 U.S. 159,

23  173-74 (1977) (stating that, under the All Writs Act, courts have the power to compel action by

24  non-parties who are in a position to frustrate the proper administration of justice).  Defense

25  /////

26  /////

27  /////

28  /////

3

counsel is instructed to communicate and coordinate with counsel for the California Department of Corrections and Rehabilitation in responding to this order.

DATED:  February 24, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4