UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON CHRIST,<br><br>           Plaintiff,<br><br>     v.<br><br>R. BLACKWELL, et al.,<br><br>           Defendants. | No. 2:10-cv-00760-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C § 1983. The case is before the court pursuant to the parties' consent. ECF Nos. 4, 14, 74; 28 U.S.C. § 636; E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2). Currently pending before the court is plaintiff's motion to communicate with his incarcerated third-party witnesses. ECF No. 124.

The instant motion is the latest in a string of motions asking the court for an order compelling institutional officials to allow plaintiff to communicate with certain inmates who plaintiff attests are witnesses to one or more events that form the basis of this action. ECF Nos. 24, 48, 55, 58, 124. In an order issued on February 25, 2014, the court found that plaintiff's previous attempts to communicate with these individuals in order to prepare his case for trial had been unjustifiably thwarted by the various institutions housing the individuals in the name of institutional security. ECF No. 133. The court ordered defendants to communicate with counsel

1

for the California Department of Corrections and Rehabilitation (CDCR) and thereafter show cause why the CDCR should not be compelled to allow plaintiff to communicate with his incarcerated witnesses. *Id.* In response, defendants informed the court on behalf of CDCR that plaintiff would be allowed to communicate with witness David Dillinger, housed at California State Prison, Solano, but that plaintiff's five other witnesses (DeJarlais, Pizzarusso, Schuknecht, Rossignon, and Pappas) are no longer in custody. ECF No. 136.

A search of the CDCR "Inmate Locator" website, inmatelocator.cdcr.ca.gov reveals no results for Mssrs. DeJarlais, Pizzarusso, and Schuknecht, but shows that Mr. Rossignon is currently incarcerated at the Correctional Training Facility in Soledad, California. If that information is correct, the court will order the CDCR to allow plaintiff limited correspondence with Mr. Rossignon regarding facts relevant to this suit and to solicit necessary declarations, consistent with the court's prior orders.

With regard to any witnesses no longer incarcerated, the court will order the CDCR to provide plaintiff with the last known address of these individuals. Further, the parties and counsel for the CDCR are ordered to meet and confer to devise a workable means by which plaintiff can communicate with his formerly incarcerated witnesses to arrange for their appearance and testimony at trial.

Accordingly, it is hereby ORDERED that plaintiff's motion for an order compelling CDCR to allow him limited correspondence with his witnesses (ECF No. 124) is granted as follows:

1. CDCR (and any relevant institution within the department's purview) shall allow plaintiff correspondence with inmates Dillinger and Rossignon regarding facts relevant to this suit and to solicit declarations describing those facts and whether the witnesses will voluntarily testify at trial;

2. Within 21 days of the date of this order, CDCR shall provide plaintiff with the last known addresses of his remaining, formerly incarcerated witnesses;

/////

/////

3. Within 21 days of the date of this order, counsel for defendants CDCR shall meet and confer with plaintiff to devise a workable means by which plaintiff can communicate with his formerly incarcerated witnesses to arrange for their appearance and testimony at trial. The parties shall inform the court of the results of this process within 30 days of the date of this order.

4. In the event that counsel for defendants is not acting on behalf of CDCR, defense counsel shall provide a copy of this order to CDCR counsel.

DATED: April 22, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE