1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JON CHRIST,                              No.  2:10-cv-760-EFB P

12                    Plaintiff,

13        v.                                  ORDER

14   R. BLACKWELL, et al.,

15                    Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C § 1983.[1]  Currently pending before the court are plaintiff's motion for sanctions and a

19   default judgment (ECF No. 139), a flurry of filings regarding whether defendants have complied

20   with this court's order regarding plaintiff's witnesses (ECF Nos. 141, 144, 146, 149, 150), and

21   some miscellaneous filings by plaintiff regarding discovery (ECF Nos. 151, 152).

22        **I.  Motion for Default Judgment and Sanctions**

23        Plaintiff alleges that defendant Roszko failed to timely respond to the complaint.  ECF

24   No. 139.  Defendant Roszko waived service, which was mailed February 25, 2014.  ECF No. 135.

25   Accordingly, he had 60 days from that date to respond, making his response due on or before

26   Monday, April 28, 2014.  Fed. R. Civ. P. 4(d)(3).  Defendant Roszko concedes that his answer

27   _____

28        [1] The case is before the court pursuant to the parties' consent.  Dckt. Nos. 4, 14, 74; 28
U.S.C. § 636; E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

1  was filed late on May 7, 2014, and attributes this fact to a calendaring error.  ECF No. 142.

2  Defense counsel's secretary declares that she mistakenly calendared the date based on the day

3  defendant Roszko signed the waiver rather than the date service was mailed.  ECF No. 142-1.

4       Rule 55 of the Federal Rules of Civil Procedure requires the court clerk to enter default

5  against a party who "has failed to plead or otherwise defend[.]"  Thereafter, the court may enter a

6  default judgment against such a party if the court concludes that certain factors favor entry of

7  default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Those factors are:

8
9      (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy
10      underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

11  *Id.*  Here, defendant Roszko filed his answer less than two weeks late and has therefore not failed

12  to plead or otherwise defend.  Rather, defendant Roszko's answer was late due to a simple

13  calendaring error.  Even if defendant Roszko's late filing of his answer were construed as a

14  failure to defend, the *Eitel* factors do not favor entry of default judgment against him.  Plaintiff

15  has shown no prejudice from the late answer, the merits of the action have yet to be evaluated,

16  plaintiff seeks over $1 million in damages from defendant Roszko, and the answer was filed late

17  due to defense counsel's secretary's excusable neglect.  There is no compelling reason not to

18  allow plaintiff's claim against defendant Roszko to be litigated on the merits.  Accordingly,

19  plaintiff's request for default judgment is denied.

20       Plaintiff also seeks sanctions against defendant Roszko under Federal Rule of Civil

21  Procedure 11(c) for filing his answer late.  ECF No. 139.  That motion is denied.  Rule 11

22  authorizes sanctions where a party has violated Rule 11(b)'s requirements regarding integrity in

23  pleadings and motions.  Plaintiff does not identify any conduct on the part of defendant Roszko or

24  his counsel that violates Rule 11(b).  Simply filing the answer late is not sanctionable conduct as

25  defined by that rule. Fed. R. Civ. P. 11(b) (providing that, by signing a court filing, a party or

26  attorney makes certain representations to the court regarding the integrity of the filing).  Further,

27  plaintiff's request for sanctions does not comply with Rule 11(c)(2which requires that a motion

28

1  for sanctions be made separately from any other motion (plaintiff's motion additionally moves for

2  default judgment).  That rule also required plaintiff to serve the motion on defendant Roszko to

3  provide him 21 days to withdraw the challenged filing, which plaintiff failed to do.  Plaintiff's

4  request for sanctions is therefore denied.

5  **II.  Status of Plaintiff's Communication with Witnesses**

6  On April 23, 2014, the court ordered the California Department of Corrections and

7  Rehabilitation (CDCR) to "allow plaintiff correspondence with inmates Dillinger and Rossignon

8  regarding facts relevant to this suit and to solicit declarations describing those facts and whether

9  the witnesses will voluntarily testify at trial."  ECF No. 138 at 2.  The court further ordered

10  CDCR to provide plaintiff with the last known addresses of his formerly incarcerated witnesses

11  and ordered defense counsel to meet and confer with plaintiff "to devise a workable means by

12  which plaintiff can communicate with his formerly incarcerated witnesses to arrange for their

13  appearance and testimony at trial."  *Id.* at 2-3.  Defense counsel responded that, in a phone call, he

14  told plaintiff that he could obtain the last known addresses of his formerly incarcerated witnesses

15  from the institution's litigation coordinator.  ECF No. 141 at 2.  Counsel declares that he also told

16  plaintiff that he could submit interrogatories to his incarcerated witnesses to the litigation

17  coordinator, which would be reviewed by prison officials and possibly CDCR counsel before

18  being forwarded to the witnesses.  *Id.*  According to defense counsel, plaintiff became belligerent

19  so counsel ended the call.  *Id.*  Nevertheless, defense counsel provided the litigation coordinator

20  with the list of plaintiff's formerly incarcerated witnesses and asked her to provide their last

21  known addresses to plaintiff as soon as possible.  *Id.*  He also "provided written instructions for

22  Plaintiff to communicate with incarcerated witnesses Rossignon and Dillinger."  *Id.*

23  Plaintiff disputes defense counsel's characterization of his behavior during the call and

24  accuses defense counsel of failing to meet and confer in good faith.  ECF Nos. 144, 146.  Plaintiff

25  states that defense counsel told him he would review plaintiff's communications with his

26  incarcerated witnesses.  *Id.*  Plaintiff objects to defense counsel reviewing his communications

27  with his incarcerated witnesses and asks the court to perform that function and then forward the

28

1   communications directly to the inmates.  *Id.*

2          It is unclear from these filings whether plaintiff has been given addresses for witnesses

3   DeJarlais, Pizzarusso, and Schuknecht, who are no longer incarcerated.  Plaintiff has been given

4   an address for Rossignon, who has been paroled.  ECF No. 150.  Accordingly, plaintiff's motion

5   for Rossignon's location (ECF No. 149) is denied as moot.  However the parties are ordered to

6   inform the court whether the remaining addresses have been given to plaintiff.

7          As for plaintiff's communications with Dillinger, the sole remaining incarcerated witness,

8   the court's order requiring prison officials to allow such communication was premised on

9   plaintiff's representation that he had no problem with prison officials reviewing those

10  communications for security purposes.  ECF Nos. 133 at 3; 124 at 2.  The court notes, however,

11  that the order does not authorize defense counsel or counsel for CDCR to review those

12  communications and defendants have provided no justification to the court for such review.

13  Accordingly, CDCR shall allow plaintiff to communicate with Dillinger as previously ordered,

14  subject to review only by prison officials to ensure institutional security.

15          **III. Plaintiff's Discovery-Related Motions**

16          Plaintiff has filed two motions regarding discovery matters.  In the first, plaintiff

17  complains that defendants are issuing improper discovery requests to harass him and asks for a

18  "cease-and-desist order."  ECF No. 151.  Plaintiff challenges defendant Roszko's interrogatories

19  and deposition notice with request for production of documents as requesting information that has

20  already been provided or that pertains to defendants other than Roszko.  *Id.*

21          On June 2, 2014, the court issued an amended discovery and scheduling order to allow

22  discovery by and to newly-served defendant Roszko.  ECF No. 145.  That order limited discovery

23  going forward to plaintiff and defendant Roszko as is relevant to plaintiff's claims against

24  Roszko, as plaintiff and the remaining defendants had completed discovery with respect to

25  plaintiff's other claims.  *Id.* at 1.  To the extent that the challenged discovery requests pertain to

26  plaintiff's claims against defendant Roszko and are not otherwise improper, plaintiff must

27  respond to them.  The court has reviewed the challenged discovery, however, and it appears that

28

4

1    some requests are outside the scope of the amended discovery order.  For example, defendants

2    request that plaintiff produce at his deposition documents relevant to his claims against all

3    defendants, not just his claims against Roszko.  ECF No. 151 at 6-9.  Additionally, defendants'

4    special interrogatory number 3, set two, requests information pertaining to plaintiff's claim

5    against defendant Holland.  *Id.* at 21.  The court further admonishes the parties that the current

6    round of discovery is limited to questions necessary to develop the case as it pertains to defendant

7    Roszko and should not be used to serve discovery requests that duplicate those to which plaintiff

8    has already responded.

9         The court construes plaintiff's request for a "cease-and-desist order" as a motion for a

10   protective order under Federal Rule of Civil Procedure 26(c).  However, that rule requires that the

11   moving party include with the motion a certification that he has conferred or attempted to confer

12   in good faith with the other parties in an attempt to resolve the dispute without court action.  The

13   instant filing includes no such certification, and thus plaintiff's current request for court action

14   will be denied without prejudice.  Plaintiff may proceed in a number of ways.  He renew his

15   request for a protective order by filing the certification required by Rule 26(c) after conferring or

16   attempting to do so, he may respond to discovery requests he feels are improper with an

17   objection, or he may produce the information and/or documents requested.

18        In his second filing, plaintiff requests that the court compel defendants to furnish evidence

19   of a statement made in settlement conference.  ECF No. 152.  Plaintiff states that the court told

20   defense counsel in a December 20, 2012 settlement conference "to find something that states that

21   'Lifers are not denied' parole behind CDC 115's and 128's."  *Id.*  According to plaintiff, this

22   information was never provided, and he asks the court to compel defendants to respond.  The

23   court can find no order to defendants to produce the evidence described by plaintiff.  To the

24   extent plaintiff believes that the statement is false and the statement is relevant to his case,

25   plaintiff will have the option of presenting his evidence and view of the facts when the case

26   advances to dispositive motions and/or trial.  And, as defendants note, statements allegedly made

27   by them at the settlement conference are not admissible to prove their liability.  Fed. R. Evid.

28

1    408(a)(2).  Plaintiff's second request will therefore be denied.

2    **IV. Order**

3       Accordingly, it is hereby ORDERED that:

4    1.  Plaintiff's motion for default judgment and sanctions (ECF No. 139) is denied;

5    2.  Plaintiff's request for an order for cease and desist (ECF No. 151) is denied without

6          prejudice;

7    3.  Plaintiff's request for an order for defendant to respond to what this court stated

8          during settlement conference (ECF No. 152) is denied;

9    4.  The parties shall inform the court within 21 days of the date of this order whether

10         plaintiff has received addresses for witnesses DeJarlais, Pizzarusso, and Schuknecht;

11   5.  Plaintiff's motion for the location of former inmate Rossignon (ECF No. 149) is

12         denied;

13   6.  CDCR (and any relevant institution within the department's purview) shall allow

14         plaintiff correspondence with inmate Dillinger regarding facts relevant to this suit and

15         to solicit declarations describing those facts and whether the witness will voluntarily

16         testify at trial, subject to review only by prison officials to ensure institutional

17         security; and

18   7.  In the event that counsel for defendants is not acting on behalf of CDCR, defense

19         counsel shall provide a copy of this order to CDCR counsel.

20   DATED:  September 15, 2014.

21

22                        EDMUND F. BRENNAN
                          UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28