UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON CHRIST,<br><br>                 Plaintiff,<br><br>       v.<br><br>R. BLACKWELL, et al.,<br><br>                 Defendants. | No.  2:10-cv-0760-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1]  Currently pending are defendants' motion for summary judgment (ECF No. 159), plaintiff's motion for an order compelling prison officials to allow him more time in the law library (ECF No. 165), and plaintiff's motion regarding a witness declaration (ECF No. 171).  For the reasons stated below, the motion for summary judgment is granted as to defendant Roszko only.  Further, plaintiff's motion for law library time and motion regarding a witness declaration are denied.

/////

////

/////

---

[1] The parties have consented to have the case heard by the undersigned.  ECF Nos. 4, 14, 134

1

### I.     Preliminary Procedural Matters

*A.  Relevant Procedural History of the Case*

Plaintiff filed this action in Santa Clara County Superior Court on January 5, 2010. ECF No. 1-1. Defendants removed the case to the court, ECF No. 1, and it had progressed through discovery and the filing of pretrial statements when the court discovered that two named defendants – Weiglein and Roszko – had not responded to the complaint. *See* ECF No. 101. Plaintiff informed the court that he was pursuing his claims against Weiglein in a separate action and the court accordingly dismissed him from this case. ECF No. 106. After a lengthy process not necessary to recount here (*see id.* at 2), defendant Roszko was properly served with the complaint. ECF No. 135. The court then issued a revised scheduling order governing discovery and dispositive motions "so that plaintiff and defendant Roszko may engage in discovery and pretrial motions with respect to plaintiff's claims against defendant Roszko." ECF No. 145 at 1.

*B.  Plaintiff's Objection to the Instant Motion*

Defendants filed a motion for summary judgment addressing all of plaintiff's claims against all defendants. ECF No. 160. Defendants did not seek relief from the schedule that governed all of them except Roszko, under which the dispositive motion filing deadline had passed. ECF No. 19 (providing a dispositive motion deadline of April 22, 2011). Plaintiff objects to the motion, noting that the deadline for defendants Blackwell, Broyles, Lopez, Voight, and Zuniga to file a motion for summary judgment is long past. ECF No. 162. Defendants respond that they filed a motion addressing all claims against all defendants because they "were unable to determine which claims or causes of actions were directed to which defendant." ECF No. 161. The court has reviewed the complaint and finds this representation disingenuous. *See* ECF No. 1-1. Plaintiff's claims against defendant Roszko (summarized below) and the other defendants are easily differentiated. Because defendants Blackwell, Broyles, Lopez, Voight, and Zuniga have not shown good cause why they did not seek summary judgment on or before April 22, 2011, the court will not consider their arguments at this time. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (holding that a motion to modify

the schedule must be supported by a showing of good cause; i.e., that the schedule could not have been met despite the moving party's diligence). If these defendants wish to seek summary judgment on plaintiff's claims against them, they must file a motion for modification of the schedule, supported by a showing of good cause. The court will proceed to consider the instant motion only as it pertains to the claims against defendant Roszko.

### C. *Plaintiff's Motion for More Law Library Time*

Plaintiff has filed a motion asking the court to order prison officials to allow him greater access to the law library. ECF No. 165. Plaintiff states that, due to the interplay between his work schedule and the library schedule, he can go to the library only two days per week for between 1.5 and 5.5 hours each day. *Id.* at 1-2. Plaintiff asks the court to order the librarian to designate him a priority library user, but does not explain why he cannot adequately perform his legal research during the time he is currently allotted or why he has not sought preferred status through the ordinary administrative channels available at the prison.

Plaintiff's request for court intervention against persons who are not parties to this case is governed by The All Writs Act. That Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. N.Y. Tel. Co.*, 434 U.S. 159 (1977). To obtain an order under the All Writs Act, the requested order must be "necessary." This language requires that the relief requested is not available through some alternative means. *Clinton v. Goldsmith*, 526 U.S. 529 (1999).

Here, there is no question that an inmate has a constitutionally protected right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 820-21 (1977). However, there is no freestanding constitutional right to law library access for prisoners. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). Instead, law library access serves as one means of ensuring the constitutional right of access to the courts. *See id.* at 351. "[T]he Constitution does not guarantee

3

a prisoner unlimited access to a law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used." *Linguist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985). A prisoner claiming that his right of access to the courts has been (or will be) violated due to inadequate library access must show that: 1) access was (or will be) so limited as to be unreasonable, and 2) the inadequate access caused (or will cause) actual injury. *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994).

Plaintiff has not shown that his current amount of access to the library is unreasonably limited, that the limited access will cause him injury, or that – even if his access is unreasonably limited and will cause injury – a court order (rather than an administrative request) is necessary to obtain greater access. Accordingly, plaintiff's motion is denied.

D. *Motion Regarding Phil Pappas's Declaration*

Plaintiff informs the court that one of his witnesses, Phil Pappas, has died. ECF No. 171. Plaintiff asks the court to receive Pappas's declaration into evidence. *Id.* As the case has not yet advanced to trial, plaintiff's motion is denied as premature. The admissibility of Pappas's declaration can be addressed by an appropriate motion in limine prior to trial.[2]

**Defendant Roszko's Motion for Summary Judgment**

A. *Plaintiff's Allegations Against Defendant Roszko*

Plaintiff's claim against defendant Roszko arises from an allegedly false disciplinary report defendant Voight filed against plaintiff in 2009 for obstructing a peace officer. ECF No. 1-1 at 8. The report alleged that plaintiff feigned sickness to delay a move to a new cell. *Id.* at 9-10. Defendant Roszko served as the senior hearing officer ("SHO") at the hearing on the disciplinary report. *Id.* at 10. Plaintiff alleges that Roszko denied plaintiff all of his requested witnesses, including defendant Voight, Eddie Munoz (plaintiff's work supervisor, who plaintiff alleges would have corroborated plaintiff's claim that he had been legitimately ill on the day in question), and medical personnel who would have confirmed that plaintiff had been ill. *Id.* at 10-11. According to the complaint, Roszko also refused to consider Munoz's declaration, in which

---

[2] A final pretrial order will issue that will set the schedule for such motions.

4

he attested that he had sent plaintiff back to his cell because he was sick at work. *Id.* at 11. Plaintiff alleges that Roszko refused to allow plaintiff to present these witnesses and other evidence in retaliation against plaintiff for plaintiff's grievances against other defendants in this action. *Id.*

      B.  *Standards on Summary Judgment*

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

/////

/////

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id*. at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id*. at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id*. If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in

question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id*. at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

Concurrent with the instant motion, defendant advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

C. *Analysis*

Plaintiff alleges that defendant Roszko deprived him of due process at the disciplinary hearing in retaliation for plaintiff's grievances against other officers. These allegations support

two distinct constitutional claims: one for retaliation in violation of the First Amendment and one for deprivation of due process in violation of the Fourteenth Amendment. The court will address each claim in turn.

### i.  Retaliation Claim

To establish liability for retaliation in violation of the First Amendment, a prisoner must show five elements: (1) that a state actor took some adverse action against him (2) because of (3) his protected conduct, (4) that such action chilled his exercise of his First Amendment rights, and (5) that the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The plaintiff need not demonstrate that his speech was actually inhibited or suppressed, but merely that the defendant's conduct was such as would chill or silence a person of ordinary firmness from future First Amendment activities. *Id*. at 568-69. Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009).

Defendant Roszko argues that summary judgment is appropriate on plaintiff's retaliation claim against him because plaintiff has no evidence that Roszko's conduct was motivated by plaintiff's grievances against others. Roszko points to the following exchanges in plaintiff's deposition, arguing that all that plaintiff has to support his charge of retaliation is "speculation":

> Q. All right. And you believe that the violations in this complaint that you drafted are based on a conspiracy among the defendants; is that correct?
>
> A. Correct.
>
> \*\*\*
>
> Q. All right. So since May of 2008, there has been a conspiracy to deny you your civil and constitutional rights by CDCR personnel, correct?
>
> A. Correct.
>
> Q. And you have no – strike that. And that's based on your speculation; correct?
>
> A.   Correct.

ECF No. 160 at 26-27.

> Q. And so if I understand you, the allegations made in this complaint are based on what you believe to be a conspiracy to deny you your constitutional and civil rights; correct?

>    A.   Correct.
>
>    Q.   And your evidence is based on your speculation that your rights have been violated as it relates to this conspiracy; correct?
>
>    A.   Correct.

*Id*. at 30. In response, plaintiff states that "it was not speculation" that he was sick on the day of the cell move, that the disciplinary report was false, that the cell move was contrary to doctor's orders, and that defendant denied his witnesses. Plaintiff fails to present any evidence, however, that Roszko denied the witnesses because of plaintiff's grievances against other officers. Plaintiff presents no evidence from which the court could infer a retaliatory motive (e.g., evidence showing that that Roszko mentioned the grievances or even knew of them). Because plaintiff has failed to present evidence supporting this necessary element of his retaliation claim against Roszko, summary judgment must be granted in favor of Roszko on that claim. *See Celotex*, 477 U.S. at 322.

   ii.  Due Process Claim

  Prisoners are entitled to certain due process protections when subject to disciplinary sanctions that impinge on an interest protected by the Due Process Clause. *Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014). To prevail on a claim for violation of the right to procedural due process under the 14th Amendment, a plaintiff must show: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).

  A liberty interest triggering procedural protections under the Due Process Clause may arise from two sources: the Clause itself or state law. *Chappell v. Mandeville*, 706 F.3d 1052, 1062 (9th Cir. 2013). The Due Process Clause of its own force protects prisoners from conditions which depart from the sentence imposed on them in a way that is "'qualitatively different' from the punishment characteristically suffered by a person convicted of crime [and has] 'stigmatizing consequences.'" *Sandin v. Conner*, 515 U.S. 472, 478-79 n.4 (1995) (discussing and quoting *Vitek v. Jones*, 445 U.S. 480 (1980) and *Washington v. Harper*, 494 U.S. 210 (1990)). The

Clause, by itself, confers no liberty interest in freedom from state action taken within the sentence imposed. *Id.* at 480.

A condition of confinement impinges on an inmate's *state-law-created* liberty interest (triggering the necessity for procedural protections) if it imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life (while not departing from the sentence in such a manner as to trigger protection under the Due Process Clause by its own force). *Sandin*, 515 U.S. at 484; *Brown*, 751 F.3d at 987. To determine whether a liberty interest is at stake, the court may consider: "(1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (citations omitted).

The conditions imposed on plaintiff as a result of the hearing presided over by defendant Roszko were: (1) forfeiture of 60 days' worktime credits (also called worktime credits, *see* California Penal Code § 2933); (2) a loss of privileges to the day/night yard, dayroom, telephones, canteen, and quarterly packages for 30 days; (3) a 90-day suspension of Friday visits; and (4) plaintiff was counseled and reprimanded. ECF No. 160 at 52. Roszko argues that these disciplinary measures did not deprive plaintiff of a constitutionally-protected interest.

Defendant is correct that, as a matter of law, these conditions do not impinge on a liberty interest created by the Due Process clause of its own force. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (good-time credits); *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (unfettered visitation); *Davis v. Small*, 595 F. App'x 689, 691 (9th Cir. 2014) (phone and yard privileges); *Koerner v. Angelone*, Nos. 97-15681 & 97-15799, 1999 U.S. App. LEXIS 32181, at *9 (9th Cir. Dec. 6, 1999) (canteen).

In addition, plaintiff has failed to discharge his burden of showing that the disciplinary measures imposed by defendant Roszko impinged on a liberty interest created by state law.

/////

1  Plaintiff states simply that, "when prisoners lose good time credits because of a disciplinary
2  offense, they are entitled to" procedural protections under the Due Process Clause.  ECF No. 168
3  at 3.  The law is not so cut-and-dried.

4  It is true that the Supreme Court has held that a state can create a protected liberty interest
5  in a shortened prison sentence resulting from good time credits by making the revocation of such
6  credits allowable only for major misconduct.  *Wolff*, 418 U.S. at 557; *Sandin*, 515 U.S. at 477-78.
7  It is currently an open question in the Ninth Circuit whether California's scheme of worktime
8  credits under California Penal Code § 2933, as amended in 2010, gives rise to a liberty interest.
9  *Edwards v. Swarthout*, 597 F. App'x 914 (9th Cir. 2014).  Absent any further direction from the
10  Ninth Circuit, and applying the Supreme Court's holdings in *Wolff* and *Sandin*, the court finds
11  that plaintiff here has failed to establish that the deprivation of worktime credits deprived him of a
12  protected liberty interest because he has not provided any evidence that the credits revoked by
13  defendant Roszko would have shortened his sentence if left in place.  The liberty interest
14  recognized by the Court in *Wolff* lay in the *shortened sentence* generated by the operation of the
15  credit statutes, not in the credits themselves.  418 U.S. at 557; *Sandin*, 515 U.S. at 477-78.  It is
16  undisputed that plaintiff was serving a term of 25-years-to life, plus 12 years, at the time of the
17  hearing.  ECF No. 160 at 9-10.  Plaintiff has made no showing that he would be serving a shorter
18  prison sentence if the 60-days' worth of worktime credits had not been forfeited.  *Sandin*, 515
19  U.S. at 485-87 (finding that a prison disciplinary action did not impinge on a protected liberty
20  interest where it would not inevitably affect the duration of the inmate's indeterminate sentence);
21  *Harvey v. Lewis*, No. No.1:12-cv-00904-AWI-DLB (HC), 2012 U.S. Dist. LEXIS 163667, at *5-
22  8 (E.D. Cal. Nov. 15, 2012) (discussing the impact of good time credits on an inmate serving both
23  a determinate and indeterminate term of incarceration).  Even if plaintiff were to make such a
24  showing, his due process claim challenging the loss of credits would not survive in this action, as
25  he would be required by the rule of *Heck v. Humphrey* to secure a finding that the discipline
26  imposed by defendant Roszko was invalid through some other means before pursuing that claim
27  in a § 1983 action for damages.  *Edwards v. Balisok*, 520 U.S. 641, 644-48 (1997).
28  /////

1    Plaintiff has also failed to show that the remaining disciplinary measures – loss of access
2  to some facilities, telephone, canteen, and quarterly packages for 30 days and loss of Friday visits
3  for 90 days – presented an atypical and significant hardship in relation to ordinary prison life. *See*
4  *Koerner*, 1999 U.S. App. LEXIS 32181, at *9 (80-day suspension of canteen privileges was not
5  an atypical and significant hardship); *Song v. Ignacio*, No. 96-15901, 1997 U.S. App. LEXIS
6  2217, at *2-3 (9th Cir. Feb. 7, 1997) (affirming dismissal of due process claim where the plaintiff
7  failed to allege how his temporary loss of access to the canteen, phone, showers, and recreation
8  equipment presented a dramatic departure from the basic conditions of prison life).  Plaintiff has
9  provided no evidence from which the court can compare the disciplinary measures defendant
10 Roszko imposed on him to the norms of prison life, and has thus failed to provide evidence from
11 which a rational factfinder could conclude that those measures departed from those norms in such
12 a significant way as to deprive him of an interest protected by the Due Process Clause.[3]  As
13 plaintiff has failed to show that he was denied procedural protections due to him under the
14 Constitution, the court need not reach the question of whether the process provided by defendant
15 Roszko comported with due process.  Accordingly, summary judgment must be granted in favor
16 of Roszko on plaintiff's due process claim.

        iii.        Remaining Arguments

18   Defendant Roszko also argues that plaintiff's claim for damages against him is barred by
19 the Eleventh Amendment because he was acting in his official capacity when he was the senior
20 hearing officer at plaintiff's disciplinary hearing and that he should be granted qualified immunity
21 from plaintiff's claims.  The court need not reach these arguments as it has determined that
22 summary judgment in favor of defendant Roszko is appropriate for the reasons stated above.
23 /////
24 /////

---

[3] The court notes that the Ninth Circuit held in *Funtanilla v. Campbell*, No. 96-15439, 1996 U.S. App. LEXIS 22581, at *5-6 (9th Cir. Aug. 26, 1996) that California Penal Code § 2601 created a liberty interest in prison visits by stating that such visits were a "civil right" of prisoners. The California legislature amended § 2601 in 1996 to delete that provision. Plaintiff has not offered any other source of law from which the court can conclude that California has created a liberty interest in prison visits.

**II.     Order**

For the reasons provided above, it is hereby ORDERED that:

1. Defendants' December 30, 2014 motion for summary judgment (ECF No. 159) is construed as a motion for summary judgment of plaintiff's claims against defendant Roszko only, and, as such, is GRANTED.
2. Plaintiff's February 23, 2015 motion for a court order regarding law library access (ECF No. 165) is DENIED without prejudice.
3. Plaintiff's March 25, 2015 motion for a court order regarding evidence (ECF No. 171) is DENIED without prejudice.

DATED: August 31, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE