1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JON CHRIST,                                No.  2:10-cv-0760 EFB P

12                   Plaintiff,

13            v.                                 ORDER

14   R. BLACKWELL, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  He requests that the court appoint counsel.  District courts lack authority to

19   require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States*

20   *Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an

21   attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v.*

22   *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th

23   Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must

24   consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate

25   his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560

26   F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no

27   exceptional circumstances in this case.

28   */////*

1   Plaintiff complains that, because he has no lawyer, defendants have refused his document

2   production requests.  However, as plaintiff is aware, his motion to compel further responses to

3   those requests was denied because plaintiff failed to identify the specific responses he found

4   inadequate and describe why they were inadequate.  ECF No. 45.  Plaintiff did not file a more

5   specific motion to compel despite the court's order telling him what was required in such a

6   motion.

7   Plaintiff also complains that he hasn't been able to communicate with his witnesses, both

8   incarcerated and free.  Plaintiff has successfully obtained the court's intervention to gain access to

9   these witnesses; prison officials have complied with the court's orders that they permit plaintiff to

10   communicate with his incarcerated witnesses and provide plaintiff with the last known addresses

11   of his released witnesses.  ECF Nos. 138, 157.  Plaintiff does not explain how appointment of

12   counsel will convince these individuals to cooperate with his case if he has thus far been unable to

13   do so.  If plaintiff's witnesses do not wish to communicate with plaintiff and/or refuse to testify

14   voluntarily, plaintiff may follow the procedures set forth by the court for obtaining the presence at

15   trial of witnesses who will not voluntarily testify.  ECF No. 46 at 2-4.  While plaintiff states that

16   his witnesses are "gone" and he has "no way to locate them," the record in this action shows that

17   plaintiff has been granted access to his incarcerated witnesses and been provided with any last

18   known addresses of his unincarcerated witnesses.

19   Accordingly, IT IS HEREBY ORDERED that plaintiff's request for appointment of

20   counsel (ECF No. 177) is denied.

21   DATED:  September 23, 2015.

22   EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

2