UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON CHRIST,<br><br>       Plaintiff,<br><br>    v.<br><br>R. BLACKWELL, et al.,<br><br>       Defendants. | No.  2:10-cv-0760 EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The parties have consented to have the case heard by the undersigned. ECF Nos. 4, 14, 134. Currently pending before the court is a request to modify the schedule filed by defendants Blackwell, Broyles, Lopez, Voight, and Zuniga. ECF No. 179. Although the court finds that defendants have not shown good cause for their failure to comply with the existing schedule, as discussed below, interests of judicial economy require that the schedule be revised due to counsels' lack of diligence. Although these circumstances have necessitated a revised schedule, defense counsel is ordered to show cause why they should not be sanctioned for failure to comply with the previous scheduling order.

**I.     Background**

Plaintiff filed this action in Santa Clara County Superior Court on January 5, 2010. ECF No. 1-1. Defendants removed the case to federal court. ECF 1. The case had progressed through

1

discovery and the filing of pretrial statements when the court discovered that two named defendants – Weiglein and Roszko – had not responded to the complaint. *See* ECF No. 101. Plaintiff informed the court that he was pursuing his claims against Weiglein in a separate action and the court accordingly dismissed him from this action. ECF No. 106. After a long process that need not be recounted here (*see id.* at 2), defendant Roszko was properly served with the complaint. ECF No. 135. The court then issued a revised schedule governing discovery and dispositive motions "so that plaintiff and defendant Roszko may engage in discovery and pretrial motions with respect to plaintiff's claims against defendant Roszko." ECF No. 145 at 1.

On December 30, 2014, defendants filed a motion for summary judgment addressing all of plaintiff's claims against all defendants. ECF No. 159. Defendants did not seek relief from the schedule (which governed all of them except Roszko) requiring that dispositive motions be filed not later than April 22, 2011. ECF No. 19. Defendants argued that that they filed a motion addressing all claims against all defendants because they "were unable to determine which claims or causes of actions were directed to which defendant." ECF No. 161. The court found this representation disingenuous, as plaintiff's claims against defendant Roszko and the other defendants are easily differentiated. Because defendants Blackwell, Broyles, Lopez, Voight, and Zuniga did not show good cause why they did not comply with the April 22, 2011 deadline, the court declined to consider their arguments. ECF No. 176 at 2-3 (citing Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.") and *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (holding that a motion to modify the schedule must be supported by a showing of good cause; i.e., that the schedule could not have been met despite the moving party's diligence)). The court noted that, if these defendants wanted to seek summary judgment on plaintiff's claims against them, they were required to file a motion for modification of the schedule, supported by a showing of good cause. *Id.* Defendants have now filed such a motion. ECF No. 179.

**II.     The Motion to Modify the Schedule**

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Good cause is shown where the

schedule cannot be complied with despite the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609. Thus, the good cause standard focuses primarily on the diligence of the requesting party. *Id.*

Defendants advance two reasons for modifying the schedule: (1) the policy favoring resolving cases by summary judgment to avoid unnecessary trials and (2) the "clarity on the legal and factual issues in this case" provided by the court's order granting defendant Roszko's motion for summary judgment. Neither of these reasons addresses the good cause standard summarized above; defendants have simply made no showing that, despite their diligence, the arguments they now seek to advance in their summary judgment motion could not have been advanced before the existing deadline. Defense counsel simply has not taken seriously the requirements of Rule 16 and this court's scheduling order.

Counsel's reliance on judicial economy as a substitute for the good cause showing demanded by Rule 16 distorts the burden counsel must meet, frustrates the court's ability to schedule this case and manage its very heavy docket, and exhibits a disregard for this court's orders. There is no question that cases that can be resolved by a timely and appropriate summary judgment motions should be so resolved. Nonetheless, it was defense counsel's obligation to timely present such a motion. Instead, counsel appear to have elected to allow that deadline to pass without timely presenting their summary judgment and then, once defendant Roszko was served and provided a schedule within which to complete discovery and present a dispositive motion, hoped to take advantage of that as a substitute for their lack of diligence. Despite this lack of diligence, the court cannot justify holding a potentially unnecessary trial and will therefore order a modification. However, defense counsel are ordered to show cause why monetary sanctions should not be imposed for their failure to comply with the court's earlier order.

**III.     Order**

For the reasons provided above, it is hereby ORDERED that:

1. The September 23, 2015 motion to modify the schedule filed by defendants Blackwell, Broyles, Lopez, Voight, and Zuniga (ECF No. 179) is denied due to counsel's failure to demonstrate good cause;

3

2. In the interest of avoiding a potentially unnecessary jury trial, the schedule is nonetheless modified as follows:  The aforementioned defendants shall have 30 days from the date of this order to file their motion for summary judgment.  Plaintiff shall have 21 days from the date of service of the motion to file an opposition, and defendants shall have 7 days from the date of the filing of plaintiff's opposition to file a reply; and

3. Counsel for defendants Blackwell, Broyles, Lopez, Voight, and Zuniga shall show cause in writing within 30 days why they should not be sanctioned for failing to adhere to the prior schedule.

DATED: December 3, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE